UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIUS R. BROOKS,

    Plaintiff,

v.                                                               CASE NO.: 8:14-cv-801-T-30MAP

CAROLYN W. COLVIN,
Acting Commissioner of the Social
Security Administration,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Before the Court is the Commissioner's motion to dismiss complaint or in the alternative motion for summary judgment (doc. 13). After Plaintiff failed to respond within the time set forth under the Federal Rules of Civil Procedure, I issued an Order to Show Cause on July 22, 2014, demanding Plaintiff show cause why this action should not be dismissed for the reasons set forth in the Commissioner's motion. The Order allowed Plaintiff 15 days to respond in opposition, Plaintiff has failed to respond within the time allowed.

The Commissioner claims that Plaintiff's suit is barred by the time limitation set forth in 42 U.S.C. § 405(g), which provides that judicial review of a final decision of the Commissioner of Social Security must be commenced within sixty days after mailing of notice of such decision. In this case, the Appeals Council mailed its notice of denial of

Plaintiff's request for review and right to commence a civil action on January 18, 2014. *See* doc. 13-1. Plaintiff commenced this suit on April 4, 2014, 76 days after the Appeals Council mailed its notice. The Plaintiff did not request an extension to file a civil action. *See* doc. 13-1, declaration of Herbst. Accordingly, his Complaint is deemed untimely.

Nonetheless, the Supreme Court and the Eleventh Circuit have held that the doctrine of equitable tolling is available to a plaintiff who has filed an untimely complaint under 42 U.S.C. § 405(g). *See Bowen v. City of New York,* 476 U.S. 467, 480 (1986); *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). Plaintiff bears the burden, however, to show extraordinary circumstances exist to justify his untimely filing. *See Jackson*, 506 F.3d at 1353. Examples of extraordinary circumstances are fraud, misinformation, or deliberate concealment. *Id.* at 1355. Plaintiff has failed to demonstrate extraordinary circumstances here.

*Conclusion*

For the reasons stated above, it is hereby **RECOMMENDED** that:

1. The Commissioner's motion to dismiss or in the alternative motion for summary judgment (doc. 13) be GRANTED.

2. The Clerk of Court be directed to close the file.

IT IS SO REPORTED at Tampa, Florida on August 11, 2014.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).